UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
In re

WILLIAM GAEL,

Debtor.
-----------------------------------------------------------X

FILED
FEB 11 2014
U.S. Ba[nkruptcy]
BY

Case No.:
12-32970-RG
Chapter 11

ORDER SETTING A HEARING ON THE
DEBTORS' MOTION FOR ORDERS APPROVING A CONTRACT FOR THE SALE
OF HIS REAL PROPERTY LOCATED AT
APARTMENT 4-D, 1225 RIVER ROAD, EDGEWATER, NJ

Upon the annexed motion of the Debtor, William Gael (the "Debtor"), seeking orders: a.) pursuant to 11 U.S.C. §§ 105(a), 363(b), (f) and (m), and Fed. R. Bankr. P. Rules 2002(a)(2), 6004(a), (b), ( c ), (e), (f) and (g), 6006(a) and ( c ), 9006, 9007, 9013 and 9014, authorizing the Debtor to sell to Richard Birdoff (the "Buyer") his and his estates' interests in the real property located at Apartment 4-D, 1225 River Road, Edgewater, NJ (the "Property"), pursuant to an "Agreement of Sale," dated December 27, 2012 (the "Contract") and subjecting that Contract to higher and better offers; and b.) granting such other and further relief as the Court deems proper (the "Motion"); and no adverse interest being represented and sufficient cause to me therefor; it is

ORDERED, that on ~~February 11~~ March 12, 2014 at ~~2:00 p~~11:10 a.m., at the United States Bankruptcy Court for District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street Newark, NJ 07102, Courtroom of the Hon. Rosemary Gambardella, let all parties in interest in this case shall show cause why the Motion should not be granted and orders entered: a.) pursuant to 11 U.S.C. §§ 105(a), 363(b), (f) and (m), and Fed. R. Bankr. P. Rules 2002(a)(2), 6004(a), (b),

- 1 -

( c ), (e), (f) and (g), 6006(a) and ( c ), 9006, 9007, 9013 and 9014, authorizing the Debtor to sell to the Buyer his and his estates' interests in the Property pursuant to the Contract or for such higher and better offer which the Debtor may receive at or before the hearing on the Motion; and b.) granting such other and further relief as the Court deems proper.

**ORDERED**, that copies of this Order setting the hearing, together with the Motion, shall be served upon: (I) all of the Debtor's creditors; (II) all parties that have filed a notice of appearance; (III) the Buyer; and (IV) the Office of the United States Trustee; by first class mail by not later than ~~January~~ Feb ten , 2014; and it is further

**ORDERED**, that copies of this Order setting the hearing, together with copies of the Contract and the proposed bidding and sale procedures, shall be served upon all persons whom the Debtor is aware of expressing an interest in purchasing the Property; and it is further

**ORDERED**, that service in compliance with this Order shall be deemed sufficient service of this Order, the Motion and notice of the hearing;

**ORDERED**, that party wishing to object to the Motion or proposed sale of Property, shall be required to file an objection on or before 4:00 p.m. (prevailing Eastern Time) on March 10 ~~February___, 2014 (the "Sale Objection") on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2014~~ (the "Sale Objection Deadline") and serve a copy of the Sale Objection, so as to be actually received by the Sale Objection Deadline, upon (I) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) (ii) the Office of the United States Trustee for the District of New Jersey. Attn: Donald MacMaster, Esq. (Email: Donald.F.MacMaster@usdoj.gov); provided, however, that objections to the Auction or the

-2-

selection of the highest bidder or otherwise best bid shall be made at the Sale Hearing; and it is further

**ORDERED,** ~~Any party that wishes to~~ object to the these Bidding Procedures, ~~shall be~~ required to file an objection on or before 4:00 p.m. (prevailing Eastern Time) on February __, 2014 (the "Bidding Procedures Objection") and serve a copy of the Sale Objection, so as to be actually received by the Sale Objection Deadline, upon (i) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) (ii) the Office of the United States Trustee for the District of New Jersey : D o n a l d    M a c M aster, Esq. (Email: Donald.F.MacMaster@usdoj.gov. Provided, however, that objections to the Auction or the selection of the highest bidder or ~~otherwise best bid shall be made at the Sale~~ Hearing. and it is further

**ORDERED,** that any competing, higher and better offers to purchase the Property shall be delivered to the Debtors' attorneys, Wayne Greenwald, P.C., 475 Park Avenue South - 26th Floor, New York, New York 10016 Attn.: W.M. Greenwald, (Email: grimlawyers@aol.com), by not later than 4:00 p.m., of ~~February~~ March 10, 2014.

Dated: Newark, New Jersey
~~January __ 2014.~~
February 11, 2014

_____
U.S.B.J.

Ordered that Sotheby's International Realty, the Debtor's real estate broker, shall use its best effort to publicize the Sale Hearing and the Debtor's Property, and it is further

- 3 -

## Sale and Bid Procedures

Set forth below are the bid procedures (the "**Bidding Procedures**") to be employed in connection with the sale of Real Property located at Apartment 4-D, 1225 River Road, Edgewater, NJ(the "**Property**") owned by William Gael (the "**Debtor**") in the chapter 11 case pending in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**").

The Property shall be sold to Richard Birdoff ("Birdoff"), pursuant to Contract dated December 27, 2012 for $550,000.00, and subject to (i) approval by the Bankruptcy Court and entry of an order, providing, *inter alia,* that Birdoff is a good faith purchaser and that the sale of the Property to Birdoff shall be free and clear of all liens, claims, encumbrances and interests; and (ii) higher and better offers; (the "**Birdoff Offer**"). The Birdoff Offer shall be subject to competitive bidding as set forth herein.

### The Bidding Procedures.

**1.** **Birdoff Offer Subject to Higher and Better Offers**. In order to ensure that the Debtor receives the maximum value for the Property, the Birdoff Offer is subject to higher or otherwise better offers, and, as such, the Birdoff will serve as the "stalking-horse" bid for the Property.

**2.** **Provisions Governing Qualifications of Bidders**. Unless otherwise ordered by the Bankruptcy Court, in order to participate in the Bidding Process, prior to the Bid Deadline (defined below), to be deemed a Qualified Bidder a potential bidder ("**Potential Bidder**") must deliver the following to the Notice Parties (as defined below):

(I)   a written disclosure of the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid;

(ii)  deliver documents necessary to reasonably permit the Debtor to determine that the Potential Bidder is reasonably likely to submit a *bona fide* offer and to be able to financially and legally consummate a sale if selected as a Successful Bidder.

3.    **Provisions Governing Qualified Bids**. A bid submitted will be considered a Qualified Bid only if the bid is submitted by a Qualified Bidder and complies with all of the following (a "Qualified Bid"):

(I)   it is accompanied by a signed copy of these Bidding Procedures;

(ii)  it states that the applicable Qualified Bidder offers to purchase the Property upon the

                terms and conditions that the Debtor reasonably determines are no less favorable to the Debtor than those set forth in the Contract.

(iii)    it includes a signed writing that the bidder's offer is irrevocable until the selection of the Successful Bidder, provided that if such bidder is selected as the Successful Bidder its offer shall remain irrevocable until the earlier of (I) the closing of the Sale to the Successful Bidder, and (ii) the Effective Date of the Debtor's anticipated Plan of Liquidation to filed with the Court;

(iv)    it states that there are no conditions precedent to the bidder's ability to enter into a definitive agreement and that all necessary internal and shareholder approvals have been obtained prior to the bid;

(iv)    it includes a duly authorized and executed copy of the Form Asset Purchase Agreement, annexed hereto as **Exhibit 1** including the purchase price for the Property expressed in U.S. Dollars (the "Purchase Price") and which shall be for a minimum purchase price of $5~~50~~,000 [handwritten: of not less than $575,000] plus the Qualified Bidder's higher and better offer (the "**Overbid**"), together with all exhibits and schedules thereto, together with copies marked to show any amendments and modifications to the Contract ("Marked Agreement") and the proposed orders to approve the sale by the Bankruptcy Court;[1]

(v)    it is accompanied by a good faith deposit in the form of a wire transfer, certified check or such other form acceptable to the Debtors, payable to the order of the to the Debtor's Counsel's Attorney Trust Account equal to ten percent (10%) of the Purchase Price (the "**Deposit**");

(vi)    it is received prior to the Bid Deadline;

(vii)    it states the Qualified Bidder is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Debtor and/or Birdoff, and its respective agents and representatives regarding the Property, the Bid Procedures or any information provided in connection therewith;

---

[1] While bidders may suggest modifications to the Form Agreement, any such modifications deemed by the Debtor's estate to increase the obligations or burdens upon the Debtor (such as additional conditions) and will be factored into the Debtor's consideration of whether to accept such bid.

(ix) it acknowledges the bid does not request or entitle the Qualified Bidder (other than Birdoff or its designee) to any break-up fee, termination fee, expense reimbursement or similar type of payment;

(xi) it states that the bid is not be conditioned on obtaining financing or any internal approval, on the outcome or review of due diligence, environmental, or any other contingencies not otherwise expressly contained in the Contact; and

(xii) it states that the sale of the Property is may be included as a term in the Debtor's anticipated Plan of Reorganization and closing may occur after confirmation of that Plan of Reorganization.

4:3. **Bid Deadline.** The deadline for submitting bids shall be ~~February~~ March 10, 2014 at ~~12:00~~ 4:00 p.m. (the "**Bid Deadline**"). Prior to the Bid Deadline, a bidder that desires to make an offer, solicitation or proposal (a "**Bid**") must deliver written copies of its Bid to (1) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) (the "**Notice Parties**").

The Debtor may accept a bid proposal received after the Bid Deadline. Such bid shall not constitute a Qualified Bid unless expressly agreed to by the Debtor in writing.

4. **The Auction Process.** If a Qualified Bid is received, an auction sale (March 12, 11:00 a.m.) (the "**Auction**") will be conducted at the Bankruptcy Court, on ~~February 11~~, 2014 at ~~2:00~~ p.m. The Debtor shall confirm to all Qualified Bidders the time and place of the Auction by ~~February 10~~, March 11, 2014 at 4:00 p.m. (prevailing Eastern Time) and notify such bidders of the material terms which the Debtor believes is the highest, best and otherwise financially superior offer for the Property, as determined by the Debtor (the "**Opening Bid**"). If, however, no Qualified Bid is received, then the Auction will not be held, and the Birdoff Offer shall be deemed to be the Successful Bid and, at the March 12 ~~February 11~~, 2014 Sale Hearing, the Debtor will seek approval of and authority to consummate the proposed sale. The Auction shall run in accordance with the following procedures:

(I). <u>Participation at Auction</u>. Attendance at the Auction shall be limited to the Debtor and its representatives, a representative of Birdoff, and any Qualified Bidder, or its duly authorized representative, who has timely submitted a Qualified Bid (and the legal and financial advisers to each of the foregoing).

(ii) <u>No Collusion</u>. Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale.

(iii)  at least one (1) Business Day prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtor's counsel whether it intends to attend the Auction; provided that in the event a Qualified Bidder elects not to attend the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder until the date of the selection of the Successful Bidder and Back-Up Bidder at the conclusion of the Auction. At least one (1) Business Day prior to the Auction, the Debtor's counsel will provide copies of the Qualified Bid or combination of Qualified Bids which the Debtor believes, in its reasonable discretion, is the highest or otherwise best offer (the "Starting Bid") to Birdoff and all other Qualified Bidders;

(iv)  all Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids (as defined below) at the Auction and the actual identity of each Qualified Bidder will be disclosed on the record at the Auction; provided that all Qualified Bidders wishing to attend the Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the Auction in person;

(v)  bidding at the Auction will begin with highest Overbid received and will continue in bidding increments (each a "Subsequent Bid") of at least an additional $~~25,000.00~~ [10,000] above the prior bid. After the first round of bidding and between each subsequent round of bidding, the Debtor shall announce the bid (and the value of such bid) that it believes to be the highest or otherwise better offer (the "**Leading Bid**"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid. Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by the Birdoff), the Debtor shall give effect to any additional costs which may be imposed on the Debtor, including but not limited to the cost of broker fees and/or commissions. At his option, the Debtor may reduce the bidding increments ~~to $10,000.~~

(vi)  Counsel to the Debtor shall direct and preside over the Auction. Other than as set forth herein, the Debtor may conduct the Auction in the manner it determines will result in the highest, best or otherwise financially superior offer for the Property.

5.  **Selection of Successful Bid**. Prior to the conclusion of the Auction, the Debtor will review and evaluate each Qualified Bid in accordance with the procedures set forth herein and determine which offer is the highest or best offer from among the Qualified Bidders (including the

Birdoff) submitted at Auction (one or more such bids, collectively the "**Successful Bid**" and the bidder(s) making such bid, collectively, the "**Successful Bidder**"), and communicate to Birdoff and the other Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid.

(I) The determination of the Successful Bid by the Debtor at the conclusion of the Auction shall be final, subject only to approval by the Bankruptcy Court.

(ii) Within one (1) day after adjournment of the Auction, the Successful Bidder shall, to the extent necessary, augment its deposit by wire transfer or other immediately available funds such that its deposit continues to equal ten percent (10%) of the highest and best bid and complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, unless the Successful Bidder is Birdoff, in which case such requirement is waived;

(iii) Within one (1) day after adjournment of the Auction, the Debtor shall file a notice identifying the Successful Bidder with the Bankruptcy Court;

(iv) The Debtor will sell the Property to the Successful Bidder pursuant to the terms of the Successful Bid upon the approval of such Successful Bid by the Bankruptcy Court at the sale hearing;

(v) At the conclusion of the Auction the Debtor's counsel will also announce the second highest and best bid (the "**Back-Up Bidder**"). If, for any reason, the Successful Bidder fails to augment its deposit or consummate the purchase of the Property, (I) the Back-Up Bidder will be deemed to have submitted the highest and best bid, and (ii) the Debtor shall be authorized to effect the sale of the Property to the Back-Up Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court. If the Successful Bidder closes, the Back-Up Bidder's deposit (plus accrued interest, if any) shall be returned to the Back-Up Bidder. If the Successful Bidder fails to close, the Back-Up Bidder's deposit shall be treated in the manner described in sub-paragraphs (i) and (j) below.

(vi) **Debtor Acceptance Subject to Court Approval.** The Debtor will be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing. If the Successful Bidder or the Back-Up Bidder shall fail to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder (or Back-Up Bidder, as the case may be), the Debtor shall be entitled to retain such Successful Bidder's (or Back-Up Bidder's, as the case may be) Deposit, in addition to other additional remedies available to the Debtor under

applicable law. The Debtor shall credit the Good Faith Deposit of such Successful Bidder or the Back-Up Bidder towards the purchase price.

6. **Escrow of Bid Deposits.** Within two (2) business days after entry of the Sale Order approving the sale of the Property, Deposits shall be returned to all bidders except the Successful Bidder and Back Up Bidder. The deposit of the Successful Bidder shall be applied to the purchase price at closing.

7. **Deposit Forfeit.** The Deposit will be forfeited as liquidated damages and the Successful Bidder, held liable for compensatory damages if the Successful Bidder fails to close by reason of its breach of the Purchase Agreement to be signed by the Successful Bidder, subject to the terms of the Purchase Agreement.

8. **Objection Deadline to Bidding Procedures.** Any party that wishes to object to the these Bidding Procedures, shall be required to file an objection on or before ~~12:00~~ [handwritten: 4:00] p.m. (prevailing Eastern Time) on ~~February~~ [handwritten: March 10], 2014 (the "**Bidding Procedures Objection**") and serve a copy of the Sale Objection, so as to be actually received by the Sale Objection Deadline, upon (I) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) (ii) the Office of the United States Trustee for the District of New Jersey : Donald MacMaster, Esq. (Email: Donald.F.MacMaster@usdoj.gov); and (iii) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002. Provided, however, that objections to the Auction or the selection of the highest bidder or otherwise best bid shall be made at the Sale Hearing.

11. **Objection Deadline to the proposed Sale of Property.** Any party that wishes to object to the proposed sale of Property pursuant proposed by Birdoff shall be required to file an objection on or before ~~12:00~~ [handwritten: 4:00 pm] p.m. (prevailing Eastern Time) on ~~February~~ [handwritten: March 10] ____ 2014 ~~(the "Sale Objection") on or before 12:00 p.m. (prevailing Eastern Time) on ____, 2014,~~ (the "**Sale Objection Deadline**") and serve a copy of the Sale Objection, so as to be actually received by the Sale Objection Deadline, upon (i) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) (ii) the Office of the United States Trustee for the District of New Jersey : Donald MacMaster, Esq. (Email: Donald.F.MacMaster@usdoj.gov); (iii) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002. Provided, however, that objections to the Auction or the selection of the highest bidder or otherwise best bid shall be made at the Sale Hearing.

The undersigned Bidder acknowledges that such Bidder has read and understands a copy of

[This space left blank intentionally]

these Bidding Procedures.

Name of Bidder (Print Clearly)      Date:_____

_____

Signature of Bidder

_____

Title of Bidder (for Bidder other than individual)

_____

United States Bankruptcy Court
District of New Jersey

In re:  
William Gael  
    Debtor

Case No. 12-32970-RG  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0312-2     User: smoore     Page 1 of 1     Date Rcvd: Feb 13, 2014  
                Form ID: pdf903     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2014.
db         +William Gael,    1225 River Rd Apt 4D,    Edgewater, NJ 07020-1460
aty       +Wayne Greenwald,    Wayne Greenwald, P.C.,    475 Park Avenue South,    26th Floor,
      New York, NY 10016-6922

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2014                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 13, 2014 at the address(es) listed below:
        Donald F. MacMaster    on behalf of U.S. Trustee    United States Trustee
        Donald.F.MacMaster@usdoj.gov
        John D. Birchby    on behalf of Creditor    Hudson City Savings Bank DLyback@dwbesqs.com
        Navpreet  Kaur    on behalf of Debtor William  Gael kaur@legalpundit.com, navpreetk86@yahoo.com
        Tae Hyun Whang    on behalf of Creditor    Valley National Bank thwhang@yahoo.com
        United States Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                                  TOTAL: 5